UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
JAMES H. JACOBS, AS TRUSTEE OF
THE JAMES H. JACOBS TRUST, and
HARRIS, N.A., AS TRUSTEE OF THE
ESTATE OF WARREN CASEY, ON BEHALF
OF THEMSELVES AND OTHERS SIMILARLY
SITUATED,

          Plaintiffs,         MEMORANDUM AND ORDER
                                    06 Civ. 0606 (DAB)

   -against-

CARNIVAL CORPORATION, CARNIVAL
CRUISE LINES, CARNIVAL PLC,
CELEBRITY CRUISES, INC., COSTA
CRUISE LINES, NIPPON YUSEN KAISHA
D/B/A NYK LINE, CRYSTAL CRUISES,
CUNARD LINE, LTD., HOLLAND AMERICA
LINE, INC., NORWEGIAN CRUISE LINE
CORPORATION, LTD., PRINCESS CRUISE
LINES, LTD., CARLSON CRUISES
WORLDWIDE, INC., RADISSON SEVEN
SEAS CRUISES, INC., ROYAL
CARIBBEAN CRUISES, LTD., SEABOURN
CRUISE LINE, LTD., SWAN HELLENIC
CRUISES, WINDSTAR CRUISES, and
JOHN DOES 1 through 100,

          Defendants.
------------------------------------X
DEBORAH A. BATTS, United States District Judge.

    Plaintiffs James H. Jacobs, as Trustee of the James H. Jacobs Trust, and Harris, N.A., as Trustee of the Estate of Warren Casey ("Plaintiffs"), bring suit against seventeen major cruise lines. Plaintiffs allege that Defendants have infringed their copyrights to the musical "Grease" and its songs.

Defendants, against whom Plaintiffs have with varying levels of specificity alleged acts of copyright infringement, move to dismiss Plaintiffs' action on various grounds. Defendants Crystal Cruises and Nippon Yusen Kaisha ("Crystal Defendants" or "Crystal"), Carlson Cruises Worldwide, Inc. and Radisson Seven Seas Cruises, Inc. ("Carlson Defendants" or "Carlson"), and Cunard Line, Ltd., Seabourn Cruise Line, Ltd., Swan Hellenic Cruises, and Windstar Cruises ("Cunard Defendants" or "Cunard") argue that Plaintiffs' allegations against them fail to meet the pleading requirements for a copyright infringement claim under Rule 8 of the Federal Rules of Civil Procedure, and move to dismiss the Complaint pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted. Crystal Defendants have also moved to dismiss for lack of subject matter jurisdiction, pursuant to Fed. R. Civ. P. 12(b)(1), and, in the alternative, have moved for a more definite statement, pursuant to Rule 12(e). Defendant Costa Cruise Lines, N.V. ("Costa") moves to dismiss the Complaint under both Rule 12(b)(6), for failure to state a claim upon which relief can be granted, and Rule 12(b)(2), for lack of personal jurisdiction. Plaintiffs do not oppose Defendant Costa's Motion to Dismiss.

Defendants Carnival Corporation, Carnival Cruise Lines, Carnival PLC, Holland America Line and Princess Cruises ("Carnival Defendants" or "Carnival") do not argue that Plaintiffs have failed to state a claim against them, but make three jurisdictional arguments for dismissal of the Complaint. Carnival Defendants argue that: (1) the Court lacks subject matter jurisdiction over Plaintiffs' claims against them; (2) the allegedly infringing performances are governed by existing license agreements that designate other, foreign courts and/or arbitration as the proper fora for adjudication of disputes; and (3) the doctrine of forum non conveniens argues for trial in another forum.

Royal Caribbean Cruises Ltd., Celebrity Cruises, Inc., and Royal Caribbean International ("Royal Caribbean and Celebrity") move to sever Plaintiffs' claims against them from Plaintiffs' claims against the other Defendants and to transfer the venue for adjudication of Plaintiffs' claims to the Southern District of Florida, pursuant to Federal Rule of Civil Procedure 21 and 28 U.S.C. § 1404(a).

For the reasons set forth below, the Court finds that Plaintiffs have failed to meet the pleading requirements for a copyright claim under Fed. R. Civ. P. 8, and Crystal, Carlson,

3

and Cunard Defendants' Motion to Dismiss under Fed. R. Civ. P. 12(b)(6) is GRANTED with leave to replead. Defendant Costa's Motion to Dismiss under Rule 12(b)(6) is GRANTED with prejudice. As the Court finds that Plaintiffs' allegations against all Defendants have failed to satisfy Rule 8, precluding the Court from making a finding as to its subject matter jurisdiction over this case, the Court dismisses this action against all Defendants with thirty (30) days leave to replead as to all Defendants other than Defendant Costa, and DENIES Carnival Defendants' Motion to Dismiss and Royal Caribbean and Celebrity's Motion to Sever and Transfer Venue at this time.

I. BACKGROUND

The following facts alleged in the Complaint in 06 Civ. 0606 (DAB) are assumed to be true for the purposes of this Memorandum and Order.

James H. Jacobs ("Jacobs") and Warren Casey ("Casey") are the authors of the successful Broadway musical play "Grease." (Compl. ¶ 31) Jacobs and Casey are the successors in interest and exclusive owners of any and all rights in and to "Grease," including without limitation, the copyrights in and to the musical play, including the original music and original text. (Id.) Plaintiff Jacobs, Trustee of the James H. Jacobs Trust, is a resident of California. (Id. ¶ 4) Plaintiff Harris, N.A., a corporation located in Chicago, Illinois, administers the rights

4

of Warren Casey, who is deceased. (Id. ¶ 5) Plaintiffs allege that they have complied in all respects with Title 17 of the United States Code, have secured the exclusive rights and privileges in and to copyrights, and have received from the Register of Copyrights the appropriate certificates of registration. (Id. ¶ 45) Copies of Plaintiffs' copyright certificates, or printouts from the United States Copyright Office web site evidencing Plaintiffs' copyright registrations are attached to the Complaint. (See id. ¶ 32; Ex. A)

Plaintiffs allege that each of the Defendants named in this action has infringed upon Plaintiffs' copyrights in and to the original songs, lyrics and book of "Grease." (Id. ¶ 1) In addition, Plaintiffs seek to represent a class of copyright owners of all Broadway, off-Broadway, other plays, and other works whose works have allegedly been infringed upon by Defendants. (Id.) According to Plaintiffs, each of the Defendant cruise ships named in this action "operates . . . cruise ships that sail to and from ports around the world, including the port of New York." (Id. ¶¶ 9-29) Plaintiffs allege that, in violation of Plaintiffs' copyrights with the United States, Defendant Celebrity Cruises, Inc. has "publicly performed and presented significant portions, and/or all, of Grease," at least three hundred and fifty-six (356) performances of Grease in total, without securing the necessary licenses

and/or permissions. (Id. ¶¶ 37-38) Plaintiffs allege that Defendants Carnival and Princess have "publicly performed and presented significant portions, and/or all, of Grease" without securing the necessary licenses and/or permissions. (Id. ¶ 39) Plaintiffs allege that within the United States, Defendants Celebrity, Carnival, Princess, and Defendant John Does 1-100 – officers, directors, independent contractors and/or employees of Defendants – "planned, prepared, authorized, developed, performed, and/or presented such public performances and presentations." (Id. ¶¶ 30, 37 & 40) Plaintiffs further allege that Defendants Celebrity, Carnival, and Princess have each "performed and presented thousands of performances of other famous and enormously popular Broadway, off Broadway and other plays, and other works" without securing the necessary licenses and/or permissions from the copyright owners who are the putative Class members to Plaintiffs' action. (Id. ¶¶ 39 & 41)

Plaintiffs allege that each of the remaining Defendants named in this action has "publicly performed and presented significant portions, and/or all, of Grease and/or other famous and enormously popular Broadway, off Broadway, other plays and other works . . . all without securing the necessary license and/or permissions" from Plaintiffs and/or putative Class members, and that, within the United States, said remaining Defendants and Defendant John Does 1-100 – officers, directors, independent contractors, and/or employees of Defendants –

6

"planned, prepared, authorized, developed, performed, and/or presented such public performances and presentations." (Id. ¶ 42)

Plaintiffs claim that Defendants' actions have infringed upon their copyrights to Grease and upon putative class members' copyrights, and that, as a result of Defendants' acts of infringement, Plaintiffs and putative Class members have sustained and will continue to sustain substantial injury, loss, and damage to their rights. (Id. ¶¶ 46-48) Plaintiffs further allege that each Defendant has "altered, modified and changed Grease and other plays and works" and has "developed, planned, prepared, authorized, performed, and presented such altered, modified and changed" plays and works. (Id. ¶ 53) Plaintiffs seek an injunction restraining Defendants from engaging in further acts of copyright infringement, as well as damages, and gains, profits and advantages Defendants have obtained as a result of their infringement. (Id. ¶¶ 50-51)

II. DISCUSSION

A. Carlson, Crystal and Cunard Defendants' Motion to Dismiss pursuant to Fed. R. Civ. P. 8 and Rule 12(b)(6)

1. <u>Legal Standard</u>

For a complaint to survive dismissal under Rule 12(b)(6), the plaintiff must plead "enough facts to state a claim to relief

7

that is plausible on its face." Bell Atl. Corp. v. Twombly, 127 S.Ct. 1955, 1974 (2007). The plaintiff must satisfy "a flexible 'plausibility standard,' which obliges a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim plausible." Iqbal v. Hasty, 490 F.3d 143, 157-58 (2d Cir. 2007). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 127 S.Ct. at 1964-65 (internal quotation marks omitted). In deciding a motion to dismiss, the court "must accept as true all of the factual allegations set out in plaintiff's complaint, draw inferences from those allegations in the light most favorable to plaintiff, and construe the complaint liberally." Roth v. Jennings, 489 F.3d 499, 510 (2d Cir. 2007) (citation omitted). However, "[c]onclusory allegations or legal conclusions masquerading as factual conclusions" will not withstand dismissal. Smith v. Local 819 I.B.T. Pension Plan, 291 F.3d 236, 240 (2d Cir. 2002) (citation omitted; alteration in original).

In ruling on a 12(b)(6) motion, a court may consider the complaint as well as "any written instrument attached to the complaint as an exhibit or any statements or documents incorporated in it by reference." Zdenek Marek v. Old Navy (Apparel) Inc., 348 F.Supp.2d 275, 279 (S.D.N.Y. 2004) (citing

8

Yak v. Bank Brussels Lambert, 252 F.3d 127, 130 (2d Cir. 2001) (internal quotations omitted)). It is also "well established that a district court may rely on matters of public record in deciding a motion to dismiss under Rule 12(b)(6), including case law and statutes." Pani v. Empire Blue Cross Blue Shield, 152 F.3d 67, 75 (2d Cir. 1988); see also Dayton Monetary Associates v. Donaldson, Lufkin, & Jenrette Securities, 1992 WL 204374, *3 (S.D.N.Y. Aug. 11, 2002) (public court filings considered on 12(b)(6) motion to dismiss).

Federal Rule of Civil Procedure 8(a)(2) provides that civil complaints "shall contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), "in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Twombly, 127 S.Ct. at 1964. Rule 8(a)(2) requires that the complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true . . . ." Twombly, 127 S.Ct. at 1965 (internal citations omitted). While "[s]pecific facts are not necessary," Erickson v. Pardus, 551 U.S. 89, 127 S.Ct. 2197, 2200 (2007) (per curiam), "[b]road, sweeping allegations of infringement do not comply with Rule 8." Marvullo v. Gruner & Jahr, 105 F. Supp. 2d 225, 230 (S.D.N.Y. 2000).

2. Copyright Infringement

In copyright infringement cases, given "the principle enshrined in Rule 8 - namely, to provide defendants fair notice against them - a plaintiff . . . may not rest on bare-bones allegations that infringement occurred." Sharp v. Patterson, 2004 WL 2480426, *12 (S.D.N.Y. 2004). Rather, "Rule 8 requires that the particular infringing acts be set out with some specificity." Kelly v. L.L. Cool J., 145 F.R.D. 32, 36, n3 (S.D.N.Y. 1992), aff'd, 23 F.3d 398 (2d Cir. 1994), cert. denied, 513 U.S. 950 (1994) (internal citations omitted). Courts in this District have consistently followed the four-prong standard set forth in Kelly, that to meet the pleading requirements under Rule 8 in a copyright infringement case, the complaint must allege: "(1) which specific original works are the subject of the copyright claim, (2) that plaintiff owns the copyrights in those works, (3) that the copyrights have been registered in accordance with the statute, and (4) by what acts and during what time the defendant infringed the copyright." See, e.g., Plunket v. Doyle, 2001 WL 175252, *4 (S.D.N.Y. Feb. 22, 2001) (citing Kelly, 145 F.R.D. at 35).

Unto these four Kelly requirements, this Court grafts a fifth requirement because of the unusual circumstances of this case. Plaintiffs allege that infringements took place on cruise ships at sea. Ordinarily, where the alleged infringements took place is not an issue, but because this Court is dependent on the

10

applicability of the Copyright Act for subject matter jurisdiction and the Copyright Act has no extraterritorial application, see The Robert Stigwood Group Ltd. v. O'Reilly, 530 F.2d 1096, 1101 (2d Cir. 1976), it is incumbent upon the Plaintiffs to allege where the specific infringements took place as well.

Insofar as Plaintiffs' claims pertain to Defendants' alleged infringement of their copyrights to "Grease" and its songs, Defendants do not contest that Plaintiffs have identified the specific works at issue, or that Plaintiffs own and have appropriately registered the copyrights to those works. Defendants do assert, however, that Plaintiffs have done nothing in their pleadings to identify the specific infringing acts by Defendants or periods of time during which the allegedly infringing acts occurred, as Plaintiffs are required to do under Kelly to satisfy Rule 8. With regard to the "other famous and enormously popular Broadway, off Broadway, other plays and other works" that Defendants are alleged to have infringed, Defendants contend that Plaintiffs have not satisfied any one of the four Kelly pleading requirements. Plaintiffs maintain that their allegations that Defendants "planned, prepared, authorized, developed, performed, and presented" public performances and presentations of "Grease" and other plays within the United States satisfy Rule 8 under Kelly. (Pls.' Opposition to Crystal's Motion to Dismiss at 5; see Compl. ¶ 42)

Although Plaintiffs' allegations against Defendants as set forth in the Complaint begin with at least <u>some</u> modicum of specificity against Defendant Celebrity, alleging that "Celebrity has performed and presented at least three hundred and fifty-six (356) performances of Grease, all without securing the necessary licenses and/or permissions," (Compl. ¶ 38) and even, however less so, against Carnival Defendants (<u>see</u> <u>id.</u> ¶ 40 ("Carnival and Princess have publicly performed and presented significant portions, and/or all, of Grease without securing the necessary licenses and/or permissions")), Plaintiffs' claims quickly and totally descend into the realm of broad and conclusory speculation when they reach the remaining Defendants. Plaintiffs' allegations of infringement against all the other Defendants in this action amount to nothing more than the sweeping, blanket assertions that "all of the remaining defendants have publicly performed and presented significant portions, and/or all, of Grease and/or other famous and enormously popular Broadway, off Broadway, other plays and other works" and "said remaining defendants . . . planned, prepared, authorized, developed, performed and/or presented such performances and presentations." (<u>Id.</u> ¶ 42) There is no question that Plaintiffs have failed with these pleadings to allege "during what time" <u>any</u> of the Defendants infringed the copyrights to their works, and thus have failed to satisfy the fourth requirement of <u>Kelly</u> in their pleadings against any of the

12

Defendants. See Brought to Life Music, Inc. v. MCA Records, Inc., 2003 WL 296561, *1 (S.D.N.Y. Feb. 11, 2003); Plunket, WL 175252 at *5-6; cf. Tangorre v. Mako's, Inc., 2002 WL 313156, *3 (S.D.N.Y. Jan. 30, 2002) (Amended Complaint "sufficiently narrow[ed] the infringing acts to satisfy the fourth requirement [of Rule 8]" where "[a]lthough [plaintiff] d[id] not plead every act of infringement separately and assign a specific date to each, the Amended Complaint [] set forth a limited period (December 21, 2000, through April 5, 2001) during which" defendant's allegedly infringing acts occurred); Kelly, 145 F.R.D. at 36 n3 (infringement claim adequately supported when plaintiff narrowed the infringing act to the publishing and distribution of two specific songs during 1991). In fact, Plaintiffs make no reference whatsoever to time in the Complaint. (See generally Compl. ¶¶ 37-58) So too have Plaintiffs failed to submit with any specificity where the alleged performances took place; that is, where, literally in the world, the ships were at sea when the performances occurred. With regard to the planning and preparation by Defendants that Plaintiffs allege took place on land, Plaintiffs' allegation that "[w]ithin the United States [Defendants] planned, prepared, authorized, [and] developed . . . such public performances and presentations," (see id. ¶¶ 37, 40 42) is far too general to satisfy Rule 8 as interpreted by this Court. Plaintiffs' bare-bones allegations can hardly be said to

13

provide Defendants with fair notice of the charges against them. See Sharp v. Patterson, 2004 WL 2480426 at *12.

With regard to all Defendants other than Celebrity, Carnival and Princess, the Court finds that Plaintiffs' Complaint fails to meet any of the four Kelly requirements. Plaintiffs do not even bother to list "all of the remaining defendants" by name, and Plaintiffs' broad and sweeping allegation that all of the remaining Defendants "have publicly performed and presented significant portions, and/or all, of Grease and/or other famous and enormously popular Broadway, off Broadway, other plays and other works" (Compl. ¶ 42) (emphasis added) fails even to commit to an allegation that these Defendants infringed Plaintiffs' own copyrights. Rather, Plaintiffs attempt to cast an infinite net over Defendants that encompasses every theatrical work ever made and copyrighted, hoping to catch Defendants somewhere within it. This is the epitome of the fishing expedition dreaded in discovery, launched prematurely in the Complaint. Rule 8, however, will not allow it.

As Plaintiffs have failed to satisfy the pleading requirements for copyright infringement under Rule 8, Carlson, Crystal and Cunard Defendants' Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) is GRANTED, and the Court dismisses the Complaint without prejudice and with leave to amend against all

Defendants other than Defendant Costa.[1]  Fed. R. Civ. P. 15(a) (requiring that courts "freely" grant leave to amend "when justice so requires"); see Cohen v. Citibank, 1997 WL 88378, *2 (S.D.N.Y. Feb. 28, 1997) ("[I]t is the usual practice upon granting a motion to dismiss to allow leave to replead."). Because the Court dismisses the Complaint against Defendants for failure to state a claim with sufficient particularity, it would not be futile to grant Plaintiffs leave to amend the Complaint. See American Broadcasting Companies, Inc. v. Flying J, Inc., 2007 WL 583176, *11 (S.D.N.Y. Feb. 22, 2007) (Batts, J.) ("Absent a showing of undue delay, bad faith or dilatory motive on the part of the movant, undue prejudice to the opposing party, or the futility of the amendment, a plaintiff should be granted leave to replead."). It is incumbent on Plaintiffs to provide enough detail about Defendants' allegedly infringing acts and activities, including the time period and place in which they are alleged to have occurred, to provide a sufficient basis for maintaining Plaintiffs' own[2] copyright claims before this Court.

---

[1] The Court grants Defendant Costa's Motion to Dismiss with prejudice below. Because the Court grants Carlson, Crystal, and Cunard's Motion to Dismiss under Rule 12(b)(6), it does not reach Crystal Defendants' Motion to Dismiss for lack of subject matter jurisdiction or Crystal's alternative motion for more definite statement.

[2] The Court notes it is not advisable for Jonah to attempt to swallow the whale by taking on the onerous additional class action requirements of Federal Rule of Civil Procedure 23.  See In re Initial Public Offering Securities Litigation, 471 F.3d 24, 41 (2d Cir. 2006).

B. Carnival Defendants' Motion to Dismiss and Royal Caribbean and Celebrity's Motion to Sever and Transfer Venue

The Carnival Defendants have moved to dismiss the Complaint on jurisdictional grounds - (1) for lack of subject matter jurisdiction, (2) based on the application of forum selection clauses in other agreements, and (3) for forum non conveniens. Royal Caribbean and Celebrity have moved to have Plaintiffs' claims against them severed from Plaintiffs' claims against the other Defendants, and transferred to the Southern District of Florida.

The Court DENIES Carnival Defendants' Motion to Dismiss and Royal Caribbean and Celebrity's Motion to Sever and Transfer at this time, because the Court is unable, on the present pleadings, to determine whether the Court has subject matter jurisdiction over this case. It is well-settled law that the United States Copyright Act has no extraterritorial application, The Robert Stigwood Group Ltd., 530 F.2d at 1101, and "infringing acts that take place entirely outside of the United States are not actionable under our copyright laws." Armstrong v. Virgin Records, 91 F.Supp.2d 628, 634 (S.D.N.Y. 2000). The key word, however, is "entirely." In the present case, although not at all discernable from this Complaint, if any of the allegedly infringing performances took place within the territorial waters

16

of the United States, and/or the preparation of those performances took place in Defendants' United States' offices, this Court would have subject matter jurisdiction over those performances and any preparation that amounted to infringement under the United States Copyright Act.[3] The Court finds that it would have subject matter jurisdiction based on the existence of a federal question over any infringements occurring on United States soil or within the territorial waters of the United States. However, because the Court has found that Plaintiffs' Complaint fails to meet the specificity requirements for a copyright infringement complaint under Fed. R. Civ. P. 8, whether in fact federal question jurisdiction exists at this time is not known.[4] As such, Carnival Defendants' Motion to Dismiss is DENIED and Royal Caribbean and Celebrity's Motion to Sever and Transfer is DENIED.

---

[3] Each of the affidavits from Carnival Defendants admits that Defendants' ships have in fact performed songs from "Grease," and that these ships have sailed routes that include ports in the United States, including New York. Carnival Defendants say that "the majority of performances" took place outside of the United States, and that ships performing songs from "Grease" "sail largely outside United States territorial waters." (Carnival Defs.' Memo of Law at 1) (emphases added). These do not add up to an admission that songs from "Grease" were performed in United States territorial waters.

[4] It is clear from the citizenship of the Parties that diversity of citizenship could not be a jurisdictional basis.

17

C. Defendant Costa's Motion to Dismiss pursuant to Rule 12(b)(6) and Rule 12(b)(2)

Defendant Costa moves to dismiss the Complaint under Rule 12(b)(6) for failure to state a claim and under Rule 12(b)(2), for lack of personal jurisdiction. Contrary to the assertions made in Plaintiffs' Complaint, Defendant contends that it neither owns nor operates any ships, (Def. Costa's Memo of Law at 1) but rather, is a mere sales agent for Italian company Costa Crociere, which operates the ten cruise ships at issue. (Id. at 2; Klutz Aff. ¶¶ 9, 10) Defendant alleges that it is responsible only for marketing cruise packages and booking passengers on Costa Crociere's ships, and has no role in the ownership, management and operation of the ships, and thus, no role in the allegedly infringing conduct. (Def. Costa's Memo of Law at 5; Klutz Aff. ¶ 9) As such, Costa argues that Plaintiffs have failed to state a claim against it and Defendant is entitled to dismissal of Plaintiffs' claims. Defendant further submits that Plaintiffs have failed to allege a basis for which this Court may exercise personal jurisdiction over it in New York, as Defendant is a Florida-based company that neither owns nor operates any ships that call upon New York, nor conducts any other business here. (Def. Costa's Memo of Law at 8)

Plaintiffs have not opposed Defendant Costa's motion to dismiss. While the Court may thus deem Plaintiffs' claims

18

against Costa abandoned, see, e.g., Arma v. Buyseasons, Inc., 591 F. Supp. 2d 637, 643 (S.D.N.Y. 2008), the Court independently finds merit in Costa's arguments, and dismisses the Complaint accordingly. Plaintiffs' claims are founded on the premise that Costa "is a global cruise company that operates ten (10) cruise ships that sail to and from ports around the world, including the port of New York." (Compl. ¶ 10) Defendant Costa claims, and Plaintiffs have not disputed, that it operates no ships, and has no proper role in the ownership, management, or operation of any ships. As such, Plaintiffs have failed to state a claim against Costa in this matter, and Defendant Costa's Motion to Dismiss is GRANTED with prejudice. Because the Court finds dismissal appropriate under Rule 12(b)(6), it need not reach Defendant's motion to dismiss for lack of personal jurisdiction.

## III. CONCLUSION

For the reasons contained herein, Carlson, Crystal and Cunard Defendants' Motion to Dismiss under Fed. R. Civ. P. 12(b)(6) for failure to state a claim is GRANTED with leave to replead; Defendant Costa's Motion to Dismiss is GRANTED with prejudice; Carnival Defendants' Motion to Dismiss is DENIED; and Royal Caribbean and Celebrity's Motion to Sever and Transfer is DENIED. The resolution of these motions moots Plaintiffs' Cross-Motion for Expedited Discovery. Plaintiffs are granted thirty

(30) days leave to replead against all Defendants other than Defendant Costa.[5]

SO ORDERED.

Dated:   New York, New York

         March 25, 2009

                                    _Deborah A. Batts_
                                    Deborah A. Batts
                                    United States District Judge

---

[5] It appears to the Court that Defendant Norwegian Cruise Line Corporation, Ltd. ("Norwegian") has never answered or otherwise moved against the Complaint. Plaintiffs are also granted leave to amend the Complaint against Defendant Norwegian.

20