UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JAMES H. JACOBS, AS TRUSTEE OF THE JAMES H. JACOBS TRUST, and HARRIS, N.A., AS TRUSTEE OF THE ESTATE OF WARREN CASEY, ON BEHALF OF THEMSELVES AND OTHERS SIMILARLY SITUATED,<br><br>Plaintiffs,<br><br>vs.<br><br>CARNIVAL CORPORATION, CARNIVAL CRUISE LINES, CARNIVAL PLC, CELEBRITY CRUISES, INC., HOLLAND AMERICA LINE, INC., PRINCESS CRUISE LINES, LTD., ROYAL CARIBBEAN CRUISES, LTD., and JOHN DOES 1 through 100.<br><br>Defendants. | Civil Action No. 06 Civ. 0606 (DAB)<br><br>**FIRST AMENDED<br>COMPLAINT AND JURY DEMAND** |

Plaintiffs James ("Jim") H. Jacobs, as Trustee of the James H. Jacobs Trust, and Harris, N.A., as Trustee of the Estate of Warren Casey by and through their attorneys, Wolff & Samson P.C. and Ronald S. Taft, P.C., complain of defendants as follows:

### NATURE OF THE ACTION

1.     This is an action for violation of the copyright laws of, and treaties and/or conventions signed by, the United States arising from the infringement of plaintiffs' copyrights in plaintiffs' original copyrighted songs, lyrics and the book of the theatrical production of "GREASE."

### JURISDICTION AND VENUE

2.     Jurisdiction is founded on a federal question within the meaning of 28 USC §§1331 and 1338(a) in that this is *inter alia*, a suit for copyright infringement under 17 USC § 101 *et seq.*

1178319.4

3. Venue of this action is based upon 28 USC §§ 1391(b)(2) and 1400 because a substantial part of the events giving rise to the within claim occurred in New York and/or the defendants or their agents reside or may be found in New York. In addition, defendants are subject to personal jurisdiction in this judicial district.

## THE PARTIES

4. Plaintiff James H. Jacobs, as Trustee of the James H. Jacobs Trust ("Jacobs"), is an individual residing in California.

5. Plaintiff Harris, N.A. ("Harris"), as Trustee of the Estate of Warren Casey ("Casey"), is a corporation located in Chicago, Illinois, and Trustee under the Will of Warren Casey.

6. Upon information and belief, defendants Carnival Corporation and Carnival PLC (collectively "Carnival") are global cruise companies and separate legal entities that function as one economic entity through certain contractual agreements between them.

7. Upon information and belief, Carnival is one of the largest vacation companies in the world and its stock is listed on the New York Stock Exchange under the symbol "CCL."

8. Upon information and belief, Carnival is the brand holder for defendant Carnival Cruise Lines ("Carnival Cruise Lines").

9. Upon information and belief, Carnival Cruise Lines operates twenty-one (21) cruise ships that sail to and from ports around the world, including the port of New York.

10. Upon information and belief, defendant Holland America Line, Inc. ("Holland America") is a global cruise company that operates thirteen (13) cruise ships that sail to and from ports around the world, including the port of New York.

2

1178319.4

11. Upon information and belief, Defendant Carnival is the brand holder for Holland America.

12. Upon information and belief, defendant Princess Cruise Lines, Ltd. ("Princess") is a global cruise company that operates fifteen (15) cruise ships that sail to and from ports around the world, including the port of New York.

13. Upon information and belief, Defendant Carnival is the brand holder for Princess.

14. Upon information and belief, defendant Royal Caribbean Cruises, Ltd. ("Royal") is a global cruise company that operates Royal Caribbean International ("RCI") and Celebrity Cruises, Inc. ("Celebrity").

15. Upon information and belief, RCI is a global cruise company that operates nineteen (19) cruise ships that sail to and from ports around the world, including the port of New York.

16. Upon information and belief, Celebrity is a global cruise company that operates ten (10) cruise ships that sail to and from ports around the world, including the port of New York

17. John Does 1 through 100 are officers, directors, independent contractors (individual and/or corporations), and/or employees of defendants who directly and/or indirectly, infringed and/or contributed to the infringement of the intellectual property, including without limitation, the copyrights, of the plaintiffs.

## COPYRIGHT OWNERSHIP

18. Jim Jacobs and Warren Casey are the authors of, and Jacobs and Casey are their successors in interest and the exclusive owners of any and all rights of any and every nature whatsoever, including without limitation, the copyrights, in and to the musical play, including the original music and original text, entitled "GREASE" ("Grease"), one of the most successful

3

1178319.4

musicals in Broadway history. The rights of Warren Casey, who is deceased, are administered by Harris. The James H. Jacobs Trust is the successor to all of the rights of Jim Jacobs.

19. Jacobs and Casey are the owners of all rights in and to "Grease," including without limitation, the copyrights and registrations in the United States Copyright Office relating to "Grease" including, but not limited to, the following:

| COPYRIGHT | REG. NOS. |
| --- | --- |
| Source of "Grease" | EU 227475, RE 664-865 |
| GREASE (Book) | DU 79686, RE 644-873 |
| GREASE (Book) | DU 78858, RE 780-455 |
| Vocal Selections from "Grease" (Broadway Musical) | EP 308775 |
| GREASE – A New '50's' Rock "N" Roll Musical | A374136 |
| Born to Hand Jive (Contained in folio "Grease") | PA 19-149 |
| SUMMER NIGHTS, WE GO TOGETHER and ALONE AT THE DRIVE-IN MOVIE as contained in "Selections from "Grease" | PA 52-261 |
| SUMMER NIGHTS (Contained in folio "Grease") | PA 19-143 |
| SUMMER NIGHTS from the musical production "GREASE" | EP 299484 |
| THERE ARE WORSE THINGS I COULD DO from the musical production "GREASE" | EP 299483 |
| Rock "N" Roll Party Queen (Contained in folio "Grease") | PA 19-151 |

(Plaintiffs' copyrights associated with Grease including, but not limited to, those specifically named herein, are hereinafter collectively referred as "Grease Copyrights"). True and correct copies of plaintiffs' copyright certificates, or printouts from the United States

4

1178319.4

Copyright Office Website, evidencing plaintiffs' copyright registrations identified herein are attached hereto as Exhibit A.

## DEFENDANTS' ACTS OF INFRINGEMENT

20. In violation of the copyright laws of, and treaties and/or conventions signed by, the United States, including the Berne Convention for the Protection of Literary and Artistic Works of 1886 and as revised ("the Berne Convention") and the Universal Copyright Convention, the defendants have publicly performed and presented portions of Grease without securing the necessary licenses and/or permissions as described below.

21. All of the performances described below in paragraphs 23 through 43 include vocalists, dancers, costumes, lighting design, choreography, scenery, musical orchestration and arrangements and such performances require a license for grand rights from plaintiffs. No license and/or permission for performances containing vocalists, dancers, costumes, lighting design, choreography, scenery, musical orchestration and arrangements has been sought or obtained from plaintiffs. "Grand rights" means: (a) the public performance of a musical play (work) or any portion thereof or excerpt therefrom (including, without limitation, any musical composition): (i) in a manner which recreates the performance of such work, portion or composition with substantially such distinctive scenery or costume as was used in the presentation of such work; and/or (ii) accompanied by any dramatic action whether danced, acted, or mimed and thereby (and/or through the use of costume, scenery or other visual effects) gives a visual impression of or otherwise portrays the writers' original concept of the work from which the excerpt was taken; and/or (b) the public performance of a musical play or composition in their entirety, or any part of such play or composition on the legitimate stage; and/or (c) the public performance of any musical play or like production, as such, in whole or in part.

1178319.4

22. All of the performances described below in paragraphs 23 through 43 require a license from plaintiffs for "grand rights" and none of the defendants have such a license. None of the performances described below in paragraphs 23 through 43 are permitted under the terms of any "performing rights society" or ASCAP license.

**Royal Caribbean**

23. Royal Caribbean has performed the show "Rock on Broadway" since at least January 2003 on its ships in the territorial waters of the United States.

24. "Rock on Broadway" included performances containing plaintiffs' copyrighted works all without securing the necessary licenses and/or permissions.

**Celebrity**

25. Celebrity has performed the shows "Broadway Classics," "Spectacular on Broadway," and "Magic of Broadway" since at least January 2003 on its ships in the territorial waters of the United States.

26. "Broadway Classics," "Spectacular on Broadway," and "Magic of Broadway" included performances containing plaintiffs' copyrighted works all without securing the necessary licenses and/or permissions.

27. The country of registration for Royal Caribbean and Celebrity ships is Liberia, which is a signatory to the Berne Convention and the Universal Copyright Convention

**Carnival**

28. Carnival has performed the show "Generations" since at least February 26, 2004, on its ship Carnival Miracle in the territorial waters of the United States.

29. Carnival has performed the show "Rock Down Broadway" since at least July 2003 on its ships Carnival Glory and Carnival Liberty in the territorial waters of the United States.

30. Carnival has performed the show "Century Café'" since at least July 1999 on its ship Carnival Triumph in the territorial waters of the United States.

31. "Generations," "Rock Down Broadway," and "Century Café" included performances containing plaintiffs' copyrighted works all without securing the necessary licenses and/or permissions.

32. The country of registration for Carnival ships is either Panama or Bahamas, both of which are signatories to the Berne Convention and the Universal Copyright Convention.

**Princess**

33. Princess has performed the show "Curtain Up" since at least January 2003 on its ships in the territorial waters of the United States.

34. Specifically, the following Princess ships have performed "Curtain Up":

   a) Diamond Princess since April 2004

   b) Sapphire Princess since May 2004

   c) Island Princess since June 2003

   d) Coral Princess since January 2003

   e) Grand Princess since March 2004

   f) Dawn Princess since October 2004

   g) Sun Princess since October 2004

   h) Regal Princess since March 2004

1178319.4

35. "Curtain Up" included performances containing plaintiffs' copyrighted works all without securing the necessary licenses and or permissions.

36. A copy of the playbill for "Curtain Up" listing Grease as part of the performance is attached hereto as Exhibit B. Elements listed as part of the performance are vocalists, dancers, costumes, lighting design, choreographer, scenery and musical orchestration and arrangements.

37. The country of registration for Princess ships is Bermuda, which is a signatory to the Berne Convention and the Universal Copyright Convention.

**Holland America**

38. Holland America Line has performed the show "Broadway in Concert" since at least January 2003 on its ships Maasdam, Ryndam, Amsterdam and Prinsendam in the territorial waters of the United States.

39. Holland America Line has performed the show "Calendar Girl" since at least January 2003 on its ship Rotterdam in the territorial waters of the United States.

40. Holland America Line has performed the show "Dancin' Fool " since at least January 2003 on its ships Statendam, Ryndam and Amsterdam in the territorial waters of the United States.

41. Holland America Line has performed the show "Show Tunes " since at least January 2003 on its ship Prinsendam in the territorial waters of the United States.

42. Holland America Line has performed the show "Up on the Roof " since at least January 2003 on its ships Maasdam, Veendam and Zaandam in the territorial waters of the United States.

43. "Broadway in Concert" "Calendar Girl" "Dancin' Fool" "Show Tunes" and "Up on the Roof" included performances containing plaintiffs copyrighted works all without securing the necessary licenses and/or permissions

44. The country of registration for Holland American Line ships is Netherlands, which is a signatory to the Berne Convention and the Universal Copyright Convention.

45. The performances described in paragraphs 23 through 43 took place in the territorial waters of the United States. Any additional performances which may have occurred outside the territorial waters of the United States infringe plaintiffs' copyrights and are subject to the jurisdiction of this Court pursuant to the United States Copyright Act, the Berne Convention and the Universal Copyright Convention.

46. The performances described in paragraphs 23 through 43 took place in the territorial waters of the United States and any additional performances which may have occurred outside the territorial waters of the United States constitute multiterritorial infringements subject to the jurisdiction of this Court pursuant to the United States Copyright Act, the Berne Convention and the Universal Copyright Convention. Each defendant has commenced or directed the commission of the unauthorized and unlicensed infringing performances specified against each defendant as described in paragraphs 23 through 43.

47. Upon information and belief, the named defendants and defendants John Does 1 through 100 are directly and/or indirectly responsible for such infringement and/or contributory infringement as a result of planning, preparing, and authorizing, in New York and the United States, such acts of infringement.

## COUNT I

## COPYRIGHT INFRINGEMENT

48. Plaintiffs hereby incorporate Paragraphs 1-47 as forth above.

1178319.4

49. Plaintiffs have complied in all respects with Title 17 of the United States Code, secured the exclusive rights and privileges in and to copyrights and, in compliance with the law, have received from the Register of Copyrights the appropriate certificates of registration, which constitute <u>prima</u> <u>facie</u> evidence of the validity of the Grease Copyrights and the facts stated in said certificates attached hereto as Exhibit A.

50. Defendants' performances and presentations of Grease as described in paragraphs 23 through 43 infringed and continue to infringe the Grease Copyrights.

51. Upon information and belief, such conduct by defendants was and is willfully done with knowledge of the rights of plaintiffs.

52. By reason of defendants' acts and infringements, plaintiffs have sustained and will continue to sustain substantial injury, loss and damage to their rights.

53. Plaintiffs are further entitled to recover from defendants the damages sustained by them as a result of defendants' acts of copyright infringement. Plaintiffs are at present unable to ascertain the full extent of the monetary damage suffered by reason of defendants' acts of copyright infringement, but they are informed and believe, and on the basis of such information and belief, allege that plaintiffs have sustained such damage in an amount exceeding $10,000,000.00.

54. Plaintiffs are further entitled to recover from defendants the gains, profits and advantages they have obtained as a result of their acts of copyright infringement. Plaintiffs are at present unable to ascertain the full extent of the gains, profits and advantages defendants have obtained by reason of their acts of copyright infringement, but plaintiffs are informed and believe, and on the basis of such information and belief, allege that defendants have obtained such gains, profits and advantages in an amount exceeding $10,000,000.00.

1178319.4

## COUNT II

## COPYRIGHT INFRINGEMENT

55.     Plaintiffs hereby incorporate Paragraphs 1-54 as set forth above.

56.     Defendants have altered, modified and changed Grease by shortening the copyrighted works. Defendants have developed, planned, prepared, authorized, performed and presented such altered, modified and changed Grease as described in paragraphs 23 through 43. Such acts infringed and continue to infringe the Grease Copyrights.

57.     Upon information and belief, such conduct by defendants was and is willfully done with knowledge of the rights of plaintiffs.

58.     By reason of defendants' acts and infringements, plaintiffs have sustained and will continue to sustain substantial injury, loss and damage to their rights.

59.     Plaintiffs are further entitled to recover from defendants the damages sustained by them as a result of defendants' acts of copyright infringement. Plaintiffs are at present unable to ascertain the full extent of the monetary damage suffered by reason of defendants' acts of copyright infringement, but they are informed and believe, and on the basis of such information and belief, allege that plaintiffs have sustained such damage in an amount exceeding $10,000,000.00.

60.     Plaintiffs are further entitled to recover from defendants the gains, profits and advantages they have obtained as a result of their acts of copyright infringement. Plaintiffs are at present unable to ascertain the full extent of the gains, profits and advantages defendants have obtained by reason of their acts of copyright infringement, but plaintiffs are informed and believe, and on the basis of such information and belief, allege that defendants have obtained such gains, profits and advantages in an amount exceeding $10,000,000.00.

11

## **PRAYER FOR RELIEF**

WHEREFORE, plaintiffs demand:

A.   That defendants, their agents, servants, successors and assigns, and all parties in privity with them be permanently enjoined from infringing any of plaintiffs' copyrighted works and intellectual property and any portion thereof;

B.   That defendants be ordered to account for and pay over to the plaintiffs all profits and advantages realized by defendants as a result of their infringement of plaintiffs' copyrighted works and intellectual property and other wrongful conduct;

C.   That defendants be ordered to pay to plaintiffs such damages as plaintiffs have sustained as a consequence of defendants' infringement;

D.   That a judgment be entered against defendants and in favor of plaintiffs for an amount to be proven at trial but in any event not less than $10,000,000.00 for the damages incurred by plaintiffs as a result of defendants' acts;

E.   That defendants pay to plaintiffs the costs of this action, punitive damages, treble damages, and plaintiffs' reasonable attorneys' fees; and

F.   That plaintiffs have such other and further relief as the Court may deem proper and just.

1178319.4

## **DEMAND FOR JURY**

Plaintiffs hereby demand a jury as to all issues triable to a jury.

WOLFF & SAMSON, PC
Attorneys for Plaintiffs
One Boland Drive
West Orange, New Jersey 07052

By _____
Howard J. Schwartz (HJS-2304)

- and –

RONALD S. TAFT, P.C.
Attorneys for Plaintiffs

Dated: April 23, 2009

1178319.4